CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 05, 2024

LAURA A. AUSTIN, CLERK
BY:
    s/A. Beeson
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY DWAYNE HUNNELL, | ) | |
| Plaintiff, | ) | Case No. 7:24-cv-00135 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| CAANAN ADDISON, et al., | ) | Chief United States District Judge |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Timothy Dwayne Hunnell, an inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 on February 20, 2024. Hunnell claims that Caanan Addison* used excessive force against him in November 2023, while Hunnell was incarcerated at a jail operated by the Southwest Virginia Regional Jail Authority ("Jail Authority"), and that he is currently seeking treatment from the medical and mental health staff at the jail. In addition to Addison, Hunnell's complaint names the Jail Authority as a defendant. Because the complaint fails to state a plausible claim for relief against the Jail Authority, the court will dismiss the claim against it without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must "dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual

---

* It appears that Addison's first name may be misspelled in the complaint.

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

## II.

Hunnell commenced this action by filing a form complaint for use by inmates seeking to assert claims under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

It is well settled that local government entities "are not vicariously liable under § 1983 for their employees' actions." <u>Connick v. Thompson</u>, 563 U.S. 51, 60 (2011) (citing <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978)). Instead, they are responsible only for their "own illegal acts." <u>Owens v. Balt. City State's Attys. Office</u>, 767 F.3d 379, 402 (4th Cir. 2014). In particular, a municipal jail authority or other local government entity can be held liable under § 1983 only if the plaintiff shows that the entity's policy or custom was a "moving force" behind a constitutional violation. <u>Polk Cnty. v. Dodson</u>, 454 U.S. 312, 326 (1981); <u>see also</u> <u>Lytle v. Doyle</u>, 326 F.3d 463, 471 (4th Cir. 2003) ("Only in cases where the municipality causes the deprivation through an official policy or custom will liability attach.").

2

Hunnell's complaint does not allege that any custom or policy of the Jail Authority was responsible for the constitutional deprivation(s) of which he complains, and he has no viable § 1983 claim against the Jail Authority based solely on its employment relationship with Addison or other staff members. Consequently, the complaint fail to state a claim against the Jail Authority.

### III.

For the reasons stated, the court will dismiss the claim against the Jail Authority without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: March 5, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.03.05 15:10:14
-05'00'

Michael F. Urbanski
Chief United States District Judge